Hearing Date and Time: July 18, 2012 at 10:00 a.m.
Objection Date and Time: July 11, 2012 at 4:00 p.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| LEHMAN BROTHERS SPECIAL FINANCING INC., | |
| Plaintiff, | |
| -against- | Adversary Proceeding |
| BANK OF AMERICA NATIONAL ASSOCIATION, *et al.*, | No. 10-03547 (JMP) |
| Defendants. | |

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, TO MOTION OF LEHMAN BROTHERS SPECIAL FINANCING INC. FOR LEAVE TO AMEND ITS FIRST AMENDED COMPLAINT AND EXTEND ITS TIME FOR SERVICE OF PROCESS PURSUANT TO RULES 7004 AND 7015 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

U.S. Bank National Association, as Trustee ("*U.S. Bank*" or the "*Trustee*") by its undersigned attorneys, respectfully submits this objection (the "*Objection*") to the Motion (the "*Motion*") of Lehman Brothers Special Financing Inc. ("*LBSF*") for Leave to Amend its First Amended Complaint and Extend its Time for Service of Process Pursuant to Rules 7004 and 7015 of the Federal Rules of Bankruptcy Procedure [Docket No. 238], and in support thereof, respectfully states as follows:[1]

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion or Memorandum of Law in Support of LBSF's Motion [Docket No. 238-1] (the *"Memorandum"*).

3232355.01.03.doc

1.      Pursuant to the Motion, LBSF is seeking to amend, nearly two years after it was filed, its First Amended Complaint to, among other things, add two new counts against the various Defendants. Specifically, the new causes of action are Count XI alleging fraudulent transfer pursuant to section 548(a)(1)(A) of the U.S. Bankruptcy Code (the *"Bankruptcy Code"*), and Count XII seeking an Order of Replevin.

2.      LBSF fails to give any justification for why it waited nearly two years after filing the First Amended Complaint to add such claims. Given the long period since the initial occurrence of the alleged claims and the lack of prior notice with respect to these causes of action, the Trustee asserts that the addition of such claims at this time is unjust and will serve to unduly disadvantage the various defendants.

3.      Notwithstanding the harm that adding such claims so long after the fact will incur, LBSF argues that it should still be entitled to add these counts on account of the liberal amendment provisions of Rule 15(c)(2) of the Federal Rules of Civil Procedure (*"FRCP"*) because the claims all "arose out of the conduct, transaction, or occurrence set forth … in the original pleadings." (*Memorandum* at 40.)  The Trustee asserts that this allegation is simply not true with respect to Count XI (alleging actual fraud). To establish a prima facie case for actual fraud as required by section 548(a)(1)(A), LBSF must plead facts and circumstances regarding fraudulent conduct. LBSF did not previously plead any such facts with regard to any fraudulent act or statements by any of the various defendants.

4.      As a result, this Court should deny LBSF's request to amend the First Amended Compliant to add Counts XI and XII. To the extent that the Court does permit such amendment, the Court should provide that the Trustee and other defendants retain the right to challenge such amendment in a motion to dismiss and/or to raise such as defenses after the stay is lifted and litigation commences.

**BACKGROUND**

5.      The Trustee and to the extent appropriate, U.S. Bank Trust National Association, serve as trustee, owner trustee, indenture trustee and/or administrative agent with respect to a number of transactions that are the subject of this adversary proceeding.

6.      With respect to each type of transaction, the rights and obligations of the Trustee and the holders of the notes and/or certificates are specifically set forth in the governing documents. In performing its obligations with respect to such transactions, the Trustee relies on the specific terms of the governing documents and upon directions, instructions, and indemnities with respect to all of the actions it takes in connection with such trusts. The Trustee has no monetary interest in the underlying transactions themselves (with the exception of the Trustee's fees, costs and expenses in connection with its service under the relevant governing documents).

7.      Almost two years following the commencement of its chapter 11 cases, on September 14, 2010, LBSF filed this adversary proceeding (the "*Adversary Proceeding*"), in which the Trustee is a defendant. LBSF has asserted claims for, among other things, alleged constructive fraudulent transfers pursuant to section 548(a)(1)(B). Pursuant to LBSF's request, the Adversary Proceeding has been stayed by the Bankruptcy Court until at least July 20, 2012, and LBSF concurrently seeks an additional extension of such Stay up to January 20, 2013.

**OBJECTION**

**I.      LBSF's Addition of Counts XI and XII at this Time is Unjust and Should be Denied**

8.      LBSF's bid to amend the First Amended Complaint two years after it was originally filed, and approximately four years after these bankruptcy cases were commenced, rises beyond a mere or excusable delay and should not be allowed. It is true that as LBSF makes clear in the Motion and Memorandum, it is has been held that leave to amend pursuant to FRCP Rule 15(a) "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

9.     While the case law cited by LBSF certainly indicates that liberal leave to amend is favored, when equitable factors suggest amendment would be unjust, leave to amend should be denied. *See In re Bennett Funding Grp. Inc. Sec. Litig.*, 194 F.R.D. 98, 100 (S.D.N.Y. 2000) (citing *Am. Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1973) ("even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitations")). In determining whether to grant plaintiffs' requests to be heard on the merits, trial courts should focus on the result and prejudice to the defendant. *Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385 (2d Cir. 1968).

10.    In this instance, allowing LBSF to add two new counts will serve to materially disadvantage the defendants. Such new allegations, and in particular, LBSF's claim for actual fraud, requires intensive factual discovery. The Second Circuit has examined this issue and held that a court should not grant leave to amend where a non-moving party would be prejudiced. *State Farm Ins. Cos. v. Kop-Coat, Inc.*, 183 Fed. Appx. 36, 38 (2nd Cir. 2006). In *Kop-Coat,* the court noted that a lower court "has discretion to deny leave to amend . . . 'after an inordinate delay, no satisfactory explanation [was] offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery.'" *Id.* (*citing Grace v, Rosenstock,* 228 F.3d 40, 53-54 (2nd Cir. 2000)). The court in that instance went on to hold that, "while delay alone . . . usually does not warrant denial of leave to amend, 'the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.'" *Id*. at 38 (denying leave to amend where the moving party, among other things, submitted its motion to amend four years after commencement of the action). In this case, owing to the extended period that has elapsed -- and during which LBSF could have raised these counts at any time -- material witnesses may have long since moved on, recollections decreased and

-4-

documentation may have been erased or been discarded. In the Motion and Memorandum, LBSF has given no indication of new and/or recently discovered additional facts or anything at all to explain why they essentially sat on such claims for such an extended period of time. The Trustee and other defendants should not now be disadvantaged, long after the statute of limitations has run with respect to such claims, simply because LBSF decided to sleep on it's right to bring such claims in a reasonable period in time. As a result, LBSF's request to amend the First Amended Complaint to add Counts XI and XII should be denied.

**II.     Count XI Does not Relate Back to LBSF's First Amended Complaint**

11.     Pursuant to FRCP Rule 15(c)(1)(B) "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original complaint." Rule 15(c)(1)(B) is applicable where a "'later pleading merely clarifie[s] or expand[s] upon the basic factual allegations of the original or simply alters a legal theory' *but not when* 'it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.'" *Flagstar Bank v. Ticor Title Ins. Co.*, 660 F. Supp. 2d 346, 352 (D. Conn. 2009) (emphasis added) (internal citations omitted); *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

12.     In addition, "[f]or a newly added action to relate back, the basic claim must have arisen out of the conduct set forth in the original pleading," and, thus, the "central inquiry" is whether the opposing party had adequate notice of the matter raised "by the general fact situation alleged in the original pleading." *Flagstar Bank*, 660 F. Supp. 2d at 352-53 (quoting *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006)). Indeed, "even an amendment that shares some elements and some facts in common with the original claim does not relate back if its effect is to

fault for conduct different from that identified in the original complaint." *Jones v. Bernake*, 557 F.3d 670, 674-75 (D.C. Cir. 2009).

13. Here, LBSF initially alleged only a claim for constructive fraudulent transfer in its First Amended Complaint pursuant to section 548(a)(1)(B) of the Bankruptcy Code. LBSF, outside of the statute of limitation period, now requests to amend the First Amended Complaint to include a count for actual fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code. These provisions, however, are distinct. Section 548(a)(1)(A) requires a party to plead with particularity in accordance with FRCP Rule 9(b) an intent to hinder, delay or defraud present or future creditors. *See In re Verestar Inc.*, 343 B.R. 444, 468 (Bankr. S.D.N.Y. 2006) (discussing difference between actual and constructive fraudulent transfer). To adequately plead a claim pursuant to section 548(a)(1)(B), on the other hand, a party need only allege under the liberal pleading standards of FRCP Rule 8(a), five factors, none of which involve the showing of an intent to hinder, delay or defraud. *See id*.

14. To the extent that LBSF has properly plead their claim for constructive fraudulent transfer pursuant to section 548(a)(1)(B), an assumption that the Trustee does not concede and for which it reserves its right to object when this action is no longer stayed, the facts and circumstances necessary to adequately plead such a claim differ sufficiently from those facts and circumstances necessary to plead actual fraudulent transfer pursuant to section 548(a)(1)(A). Because of this, the Trustee did not receive the adequate notice needed under FRCP Rule 15(c) to permit LBSF to amend its First Amended Complaint. In fact, a review of Exhibit B to the Bialek Declaration, a blackline of the proposed Second Amended Complaint, shows that prior to the proposed amendment, LBSF had alleged no facts supporting a claim for actual fraud and, thus, the Trustee has not received adequate notice of LBSF's newly proposed actual fraud claim. Thus, LBSF's motion to amend its First Amended Complaint to add Count XI should be denied.

### III. In the Alternative, the Trustee Requests a Reservation of Rights

15. In the event this Court determines to grant the Motion, the Trustee respectfully reserves its rights to raise the arguments contained herein, and any other arguments permissible, in any motion to dismiss the Second Amended Compliant or as a defense thereto upon the lifting of the Stay.

### CONCLUSION

WHEREFORE, Trustee requests that the Court enter an order denying LBSF's Motion or in the alternative, reserving the Trustee's rights to raise the arguments contained in the Objection, and any other permissible arguments, in any motion to dismiss the Second Amended Compliant or as a defense thereto upon the lifting of the Stay in these proceedings.

Dated: July 11, 2012
New York, New York

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

By: s/ Craig M. Price
One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)
James Heiser (JH 3660)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000

Craig M. Price (CP 9039)
Laura E. Appleby (LA 4879)
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000