Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**John C. Goodchild, III**
215.963.5020
jgoodchild@morganlewis.com

**Andrew D. Gottfried**
212.309.6148
agottfried@morganlewis.com

February 26, 2014

**Via E-Mail**

Adam M. Bialek
Wollmuth, Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110

Re:   In re Lehman Brothers Holdings Inc., et al.
      Proposed Scheduling Order for *Lehman Brothers Special Financing, Inc. v. Bank of America, National Association, et al* (Adv. Proc. No. 10-03547 (SCC))

Dear Adam:

We write on behalf of four of the defendants in this Adversary Proceeding, in regard to the Scheduling Order proposed by Lehman Brothers Special Financing, Inc. ("LBSF").[1] At the outset, we object to LBSF's attempt to impose a one-week deadline for commentary on the proposed schedule. In light of the fact that this matter has been stayed for years – at LBSF's request – since the filing of the original Complaint in 2010, LBSF's attempt to limit commentary on its proposed schedule is unreasonable and unwarranted.

While we object to a number of the proposals included in LBSF's suggested schedule, we limit our discussion here to the fundamental infirmities in the proposed scheduling order.[2] LBSF's proposed schedule is a naked attempt to lock all of the defendants (collectively, "Defendants") into a sequencing of events that unnecessarily delays the ability of Defendants to challenge the sufficiency of the allegations made against them and to deprive Defendants of their due process rights to participate in the defense of their cases.

---

[1]   The four defendants are Lincoln National Life Insurance Company, Country Life Insurance Company, Susquehanna Bank and the Deutsche Apotheker- und Arztebank.
[2]   We recognize that the parties are without the authority to resolve the uncertainty created by Stern v. Marshall and its progeny, and neither the Court nor the parties can predict how the Supreme Court will rule in Arkison. Nevertheless, the subject matter jurisdiction of the Court to hear and determine the claims and defenses in this matter may have a material impact on the proper procedure and schedule for litigating this action.

Almaty  Beijing  Boston  Brussels  Chicago  Dallas  Dubai*  Frankfurt  Harrisburg  Houston  Irvine  London  Los Angeles  Miami
Moscow  New York  Palo Alto  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Tokyo  Washington  Wilmington

*In association with Mohammed Buhashem Advocates & Legal Consultants

Morgan Lewis
COUNSELORS AT LAW

Adam M. Bialek
February 26, 2014
Page 2

1. **Defendants are Entitled to Challenge the Sufficiency of LBSF's Second Amended Complaint Prior to Any Class Determinations.**

LBSF's proposed schedule improperly seeks to delay Defendants' ability to challenge the sufficiency of the allegations of the Second Amended Complaint until after discovery and motion practice relating to class issues. While LBSF posits no reasoning to support this unusual procedure, we suspect that it has its roots in the fact that LBSF failed to identify all putative Defendants in a timely fashion and hopes to use the class action mechanism to counter a challenge on statute of limitations grounds. LBSF's citation of Rule 23, however, cannot serve as a basis for depriving Defendants of the right to test the sufficiency of the Second Amended Complaint before being subjected to unnecessary discovery and motion practice regarding class issues.

Defendants have a right to challenge the sufficiency of the allegations made against them and that challenge should come prior to any determinations of class. See Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998) (holding that motions to dismiss are proper prior to questions of certification of class). Under LBSF's proposed schedule, however, the allegations of the Second Amended Complaint likely will not be contested for months, if not years. Defendants' ability to contest the sufficiency of LBSF's allegations already has been stayed for several years, during which time LBSF asserts that prejudgment interest continues to accrue. LBSF's proposed schedule only serves to delay even longer the time before any Defendant has the ability to assert the deficiencies in the Second Amended Complaint and seek dismissal from this action.

While class actions can be an effective means of consolidating matters to preserve court and party resources, such a mechanism is entirely inequitable when it results in years of litigation of a matter that should be dismissed upon a challenge to the sufficiency of the allegations in the complaint. Authors Guild, Inc. v. Google Inc., 721 F.3d 132 (2d Cir. 2013) (holding that class certification is premature when the potential exists that defenses may preclude the necessity of further litigation). The asserted preservation of resources is illusory when Defendants are subjected to years of litigation without the ability to raise all defenses available to them. This is particularly true here, where LBSF already has identified significantly all, if not all, of the Defendants, and, upon LBSF's own pleadings, has been participating in individualized mediation with scores of the Defendants in its proposed class. See *Motion of Lehman Brothers Holdings Inc., Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* [Case No. 08-13555, Dkt. 42023] at p. 23.

Motions to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), therefore, should be handled prior to any determinations regarding the propriety of proceeding via a Defendant class. In addition to testing the sufficiency of the allegations in the

Morgan Lewis
COUNSELORS AT LAW

Adam M. Bialek
February 26, 2014
Page 3

Second Amended Complaint, such motion practice will serve to assist in the identification of distinctions between putative class members and any conflicts of interest between them. Proceeding in this manner, among other things, will help: (i) identify deficiencies in the allegations prior to extensive discovery and motion practice related to class certification; (ii) distinguish the relevant facts between Defendants; and (iii) focus the parties and the Court on any key legal and factual issues that may result in parties seeking to opt out of any prospective class.

LBSF's proposed schedule presupposes certification of a Defendant class. Among other things, the proposed schedule groups Defendants in categories akin to classes and subclasses, assigns these groups representative counsel, and establishes limitations on Defendants' ability to participate in their defense – all prior to any determination that a class is proper. LBSF's proposal places Defendants together in subcategories without regard to potential conflicts of interest between the potential Defendants and without any input from the purported class members. In addition to the limitations these groupings place on Defendants' ability to participate directly in their defenses (discussed further below), these groupings deprive Defendants of the opportunity to distinguish factual issues between each Defendant. These groupings are premature until responsive pleadings have been filed and distinctions between potential class members have been identified.

Finally, LBSF's schedule fails to address the very real possibility that class certification is not warranted. Should a defendant class not be certified, the parties likely will be starting over with the litigation of the subject matter of the dispute, years after LBSF instituted these proceedings. The sequence proposed by LBSF imposes unnecessary delay and cost upon Defendants who may be entitled to dismissal as a matter of law irrespective of the resolution of class certification.

2. **Defendants are Entitled to Participate Directly in Their Own Defenses**

LBSF's proposed scheduling order also deprives Defendants of their due process rights to determine their own defenses and participate in the litigation of the case. Rather than simply establishing deadlines for discovery, pleadings and other pretrial events, the proposed scheduling order attempts to impose multiple layers between the Defendants and the direct management of their defenses – creating both a "Liaison counsel" to handle the defense of all Noteholders and an "Executive Committee" who will "direct the activities of Liaison counsel" and establish the course of the defense for all Defendants. There is simply no authority for such imposition and concomitant restriction upon Defendants' ability to conduct their defense as they see fit in accordance with established rules of procedure.

Remarkably, LBSF suggests that Defendants must request permission from the Court in writing before they can, among other things, submit any motions to the Court, participate in oral argument, participate in discovery, or select and retain expert services. LBSF offers no legal

**Morgan Lewis**
COUNSELORS AT LAW

Adam M. Bialek
February 26, 2014
Page 4

support for placing the burden on Defendants to request permission for the ability to assert individual defenses or participate in proceedings. Parties are entitled to develop facts, present arguments, retain experts, depose the Plaintiff's expert and fact witnesses, and take other actions as the Defendants deem necessary.

LBSF's election to seek to proceed via a defendants' class cannot be used as a basis to deprive Defendants of the right to raise any individualized defenses and participate directly in the defense of the allegations made against them. See, e.g., Carrera v. Bayer Corporation, et al., 727 F.3d 300, 307 (3d Cir. 2013) ("A defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues."). The adoption of LBSF's proposed schedule would impose unnecessary and unwarranted procedural hurdles to the Defendants' ability to directly participate in the defense of the claims made against them.

We believe these issues necessarily must be resolved before coming to any agreement regarding a schedule for the litigation of this adversary proceeding. We remain willing to meet and confer with LBSF and other defendants' counsel regarding this matter.

Very truly yours,

John C. Goodchild, III
Andrew D. Gottfried

JCG