UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
─────────────────────────────────────────── x
                                            :
In re:                                      :   Chapter 11
                                            :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,      :
                                            :
                        Debtors.            :
─────────────────────────────────────────── x
LEHMAN BROTHERS SPECIAL FINANCING INC.,     :
                                            :
                        Plaintiff,          :
                                            :
-against-                                   :   Adversary Proceeding
                                            :   No. 10-03547 (SCC)
BANK OF AMERICA NATIONAL ASSOCIATION,       :
et al.,                                     :
                                            :
                        Defendants.         :
─────────────────────────────────────────── x
```

**ORDER**

WHEREAS, on January 31, 2014, this Court entered an Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Case No. 08-13555; Dkt. No. 42471] (the "Bridge Order") that extended the Stay of proceedings to the later of (i) May 20, 2014 or (ii) thirty (30) days after the date on which the Court enters a scheduling order governing this Action;

WHEREAS, pursuant to the Bridge Order, Lehman Brothers Special Financing ("LBSF" or "Plaintiff") filed a proposed order to govern this Action [Dkt. No. 717];

WHEREAS, a Group of 77 Defendants filed objections and responses to Plaintiff's proposal [Dkt. No. 730] and certain of the indenture trustees named as defendants in this Adversary Proceeding (the "Objecting Trustees") filed a joinder to the objections and responses filed by the Group of 77 Defendants and a limited objection Plaintiff's proposal [Dkt. No. 731];

WHEREAS, the Group of 77 Defendants and the Objecting Trustees moved to modify the Bridge Order and the Amended Order Providing for Alternative Dispute Resolution ("ADR") Procedures Order for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [Dkt. No. 29507] (the "SPV ADR Order") [Case No. 08-13555; Dkt. No. 43983];

WHEREAS, JA Hokkaido Shinren filed an objection and response to Plaintiff's proposal [Dkt. No. 725] and had also filed an application to lift the Stay continued by the Bridge Order solely for the purpose of filing a motion to dismiss for lack of personal jurisdiction [Dkt. No. 714];

WHEREAS, Plaintiff filed a reply to the objections and responses to its proposal [Dkt. No. 754], an objection to the motions to modify the Bridge Order and the SPV ADR Order [Case No. 08-13555; Dkt. No. 44200] and an objection to the JA Hokkaido Shinren application [Dkt. No. 756];

WHEREAS, this Court, having considered the documents and arguments submitted concerning the foregoing applications, and oral argument having been heard, and good cause having been shown;

It is hereby ORDERED, ADJUDGED and DECREED as follows:

1. LBSF initiated the above-captioned action (the "Action") by filing a complaint, dated September 14, 2010 (the "Original Complaint"), which asserts claims against certain indenture trustees (the "Trustee Defendants"), certain special-purpose entities (referred to collectively as the "Issuer Defendants"), and specific holders of notes (the "Notes") issued by the Issuer Defendants (the "Noteholder Defendants") both individually and as representatives of a putative class of noteholders (the "Noteholder Class") who are alleged to have received distributions (the "Distributions") from the Trustee Defendants as a result of the operation of

certain terms of the transaction documents (the "Priority of Payments"), which purportedly took effect when LBSF and/or its ultimate parent, Lehman Brothers Holdings, Inc., filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This Action seeks, among other things: (i) a declaratory judgment that the Priority of Payments is an unenforceable *ipso facto* clause and that the Trustee Defendants' Distributions of the Issuer Defendants' assets violated the automatic stay; (ii) avoidance of the subject Distributions and related transfers pursuant to Sections 547, 548 and 549 of the Bankruptcy Code; and (iii) recovery of certain of the property distributed to the Noteholders and members of the Noteholder Class in approximately 45 transactions (the "Transactions").

2. This Action has been stayed by Orders since October 20, 2010, including most recently by the Bridge Order. Accordingly, no discovery has commenced other than the limited discovery undertaken by LBSF as permitted by this Court directed at determining the identity of the Noteholder Defendants. By entry of this Order, the Court hereby lifts the stay on the terms set forth herein.

3. The Court finds that the procedures set forth in this Order are necessary and appropriate to conserve the resources of the Court and the parties and to promote the just, speedy and efficient determination of this Action.

4. This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

5. All objections to entry of this Order that have not been withdrawn are hereby overruled.

6. In this Order, "Defendants" shall mean all existing defendants in this Action, named or unnamed, including members of the putative Noteholder Class, and those that may be added hereafter.

## I. THE ORGANIZATIONAL STRUCTURE

7. Defendants shall self-govern their defense efforts. Accordingly, Defendants shall use reasonable best efforts to coordinate discovery, briefing, and oral argument so as to minimize the number of submissions to the Court, avoid duplicative or redundant arguments, and coordinate the discovery that is requested from Plaintiff as well as coordinate communications with Plaintiff.

8. If LBSF believes that Defendants' self-governing efforts do not work, LBSF may seek from the Court, or the Court may direct on its own, an order implementing a different structure for organization by Defendants.

9. If a Defendant contends that it is able to present to the Court facts or issues that are unique to it as compared to the other Defendants, which facts or issues legally entitle it to be dismissed from the Action on the basis of an individualized defense, it may request permission from the Court to make a motion to dismiss limited to its individualized defense without regard to the phasing of proceedings set forth below. Any such request shall be made by letter request ("Letter Request") filed on the Action's docket. Any such Letter Request shall be no more than two (2) pages in length, and shall describe the requesting party's reason for seeking permission to file such a motion. Any party that opposes a Letter Request may respond in a letter ("Letter Response") to the Court filed on the Action's docket within five (5) business days. Any Letter Response shall be no more than two (2) pages in length, and shall describe the opposing party's basis for its opposition.

## II.    THE ORDER OF PROCEEDINGS IN THIS MATTER

### a.    PHASE I

10.    Only the matters identified in paragraphs 11 through 18, below may be presented to the Court or considered in Phase I of this Action. Defendants shall not be deemed to have waived any otherwise applicable defense based upon the assertion of a defense consistent with this Order.

11.    After entry of this Order, Defendants shall meet and confer with Plaintiff regarding any issues relating to the class certification discovery, including, without limitation, types of discovery devices to be used, number of requests to be made, electronic discovery, number of deposition and length thereof, and the timing of discovery. Defendants shall use reasonable best efforts to coordinate class certification discovery amongst themselves.

12.    The SPV ADR Order is hereby modified to allow all Defendants in the Action to fully participate in the litigation of Phase I to the extent provided in this Order. All other provisions set forth in the SPV ADR Order not specifically modified by this Order (including the confidentiality provisions) will remain in force and effect.

13.    The Trustee Defendants are not members of any putative Noteholder Class. *See* Second Amended Complaint ¶ 26 [Dkt. No. 303]. LBSF shall provide the Trustee Defendants with notice and an opportunity to participate in Phase I proceedings, including discovery and motion practice. The Trustee Defendants shall determine whether to participate with respect to any aspect of Phase I. The Trustee Defendants are obligated to respond to Phase I discovery which may be served on them. The Trustee Defendants shall use reasonable best efforts to coordinate discovery, briefing, and oral argument so as to minimize the number of submissions to the Court, and avoid duplicative or redundant arguments as well as coordinate communications with Plaintiff throughout Phase I and each succeeding phase of litigation set forth herein.

**Class Certification Discovery**

14.     The initial period of discovery related to class certification (other than expert discovery, if any) will be completed no later than three and a half (3.5) months (*i.e.*, 105 days) from the date of this Order (the "Initial Discovery Period").  This Initial Discovery Period may be extended by order of the Court if good cause is shown.

**Motion for Class Certification (the "Phase I Class Certification Motion")**

15.     On the last day of the Initial Discovery Period, LBSF will submit its Phase I Class Certification Motion, for which the accompanying memorandum of law shall be limited to fifty (50) pages in length.

16.     Within sixty (60) days after the filing of the Phase I Class Certification Motion, Defendants shall submit any opposition to the Phase I Class Certification Motion.  Counsel for Defendants may depose Plaintiff's expert or factual witnesses, or conduct other reasonably necessary discovery within the sixty (60) day period, and such time period may be extended by order of the Court if good cause is shown.  Defendants will use reasonable best efforts to coordinate the submission of one opposition brief limited to fifty (50) pages in length.

17.     Within sixty (60) days after the filing of Defendants' opposition, LBSF may submit a memorandum of law, which shall be limited to twenty-five (25) pages in length, in further support of the Phase I Class Certification Motion.  Within this sixty (60) day period, Plaintiff's counsel may depose Defendants' expert or factual witnesses or conduct other reasonably necessary discovery, and such time period may be extended by order of the Court if good cause is shown.

18.     Oral argument on the Phase I Class Certification Motion shall be conducted on a date to be determined.  It is anticipated that, in advance of oral argument on the Phase I Class

Certification Motion, the Court will advise the parties how much time the Court will schedule, in the aggregate, for oral argument on the Phase I Class Certification Motion, and of any allocation of time between or among the Parties. Defendants will use reasonable best efforts to coordinate oral argument to avoid duplicative or redundant arguments.

    **b.**    **PHASE II**

19.    Subject to the Scheduling Order entered pursuant to paragraph 21 below, Phase II shall commence on the date that the Court enters its order on the Phase I Class Certification Motion, regardless of whether appeal is sought under Rule 23(f) or otherwise. Pursuant to the Scheduling Order to be set pursuant to paragraph 21, Defendants may file motions to dismiss pursuant to Fed. R. Civ. P. 12(b) (the "Phase II Motions") or answer.

20.    Once Phase II commences, the SPV ADR Order shall be modified to allow all Defendants in the Action to fully participate in the litigation of Phase II to the extent provided in this Order.

21.    Upon entry of the order determining the Phase I Class Certification Motion, counsel for Plaintiff and Defendants shall meet and confer regarding the content of the Scheduling Order that addresses the timing and procedures for the submissions in Phase II. Within thirty (30) days after the entry of the order deciding the Phase I Class Certification Motion, the Parties shall submit to the Court an agreed-upon proposed Scheduling Order and revised organizational structure for Defendants, if any. If the parties cannot reach agreement, they shall submit a joint document to the Court describing the areas of agreement and disagreement.

    **c.**    **PHASE III**

22.    Subject to the Scheduling Order entered into pursuant to paragraph 24 below, Phase III shall commence after the Court rules on the Phase II motions to dismiss, regardless of any appeal. In Phase III, the parties will proceed to merits discovery, dispositive motions and trial.

23.    Once Phase III commences, the SPV ADR Order shall be modified to allow all Defendants in the Action to fully participate in Phase III to the extent provided in this Order.

24.    Upon entry of the order determining the Phase II Motions, counsel for Plaintiff and Defendants shall meet and confer regarding the content of the Scheduling Order that addresses the timing and procedures for proceeding in Phase III. Within thirty (30) days after the entry of the order deciding the Phase II motions, the Parties shall submit to the Court an agreed-upon proposed Scheduling Order and revised organizational structure for Defendants, if any. If the parties cannot reach agreement, they shall submit a joint document to the Court describing the areas of agreement and disagreement.

**III.**    **MISCELLANEOUS**

    **a.**    **MOTION TO AMEND**

25.    Plaintiff may amend its complaint at any time prior to the commencement of Phase II without leave of Court and may amend thereafter only for good cause shown.

    **b.**    **THE PARTIES' INITIAL LIMITED DISCLOSURES**

26.    Within thirty (30) days of the date of this Order, LBSF shall provide Defendants with the names and contact information of any counsel who have notified LBSF that they represent one of the Defendants (other than solely in the ADR context), regardless of whether such counsel have appeared in the Action and identify which Defendant(s) each counsel represents. As to counsel who have contacted LBSF as a Defendant solely in the ADR context, LBSF will notify

each such counsel that the Group of 77 Defendants is interested in communicating with them and LBSF will provide contact information for the Group of 77 Defendants. Notwithstanding the foregoing, LBSF will not provide contact information for counsel for any Defendant who has settled with LBSF or has reached a settlement in principle with LBSF.

27. LBSF shall provide Defendants with a list based on its current understanding and reasonable efforts that groups each Noteholder Defendant by Issuer Defendant within thirty (30) days of the date of this Order.

28. Solely for use for the Group of 77 Defendants' stated purpose of organization, within thirty (30) days of the date of this Order LBSF will provide a good faith preliminary damages figure (broken down by principal and accrued interest to date for each note) to each Noteholder remaining in the Group of 77 Defendants as a schedule for the Group of 77 (and will provide similar information to other Noteholder Defendants who may make a request) on a confidential basis, meaning that such information may be shared only with other members of the Group of 77 (or others who request and obtain such information) and their counsel. The numbers so provided by LBSF are subject to change and are provided without prejudice. LBSF will provide updated/final damages calculations at the appropriate future stage of the litigation. Information provided by LBSF pursuant to this paragraph will not be used by any defendant against LBSF in future proceedings to the extent there is a change to the damages figure provided hereunder.

29. The Parties shall create a document repository containing documents for all of the Transactions (the "<u>Document Repository</u>") accessible by all parties. The Document Repository shall be organized by Transaction, and initially shall include the final and/or executed (as the case may be) respective swap agreements, indentures, note purchase agreements, purchasing memoranda, trust deed and any supplement to the trust deed, termination letters, termination

calculation statements and collateral reports pertaining to the Transactions (collectively, all of the foregoing materials shall be referred to as the "Transaction Documents").  Within thirty (30) days of the date of this Order, LBSF initially shall contribute the Transaction Documents in its possession, custody or control based on a reasonable search.  Thereafter, Defendants, including the Trustee Defendants, shall supplement the document depository by contributing any Transaction Documents in their possession based on a reasonable search that LBSF has not already contributed and may supplement the Document Repository with other documents that effectuated the Transactions.  The Parties are directed to work cooperatively on the establishment of this Document Repository to make sure it is as reasonably complete as possible.

30. The confidentiality provisions set forth in the Order Granting Plaintiff's Motion for Expedited Discovery Pursuant to Bankruptcy Rules 7026 and 9014 and Establishing a Protocol Governing the Confidentiality of and Access to Certain Discovery Material, dated October 25, 2010 [ECF No. 27], pursuant to which information had been exchanged previously between Plaintiff and Defendants, are modified solely to permit the exchange of information set forth in paragraphs 26-30.

   c. **DISCOVERY**

31. All discovery, other than discovery related to class certification issues, is stayed until after the Court decides the Phase II Motions and pursuant to further order of the Court after the meet and confer process set forth herein.  Nothing in this Order shall be construed to limit Defendants' rights to discovery insofar as it relates to class certification issues.

32. This Court's Order, dated October 25, 2010, which permits LBSF to conduct, among other things, "limited discovery from the Avoidance Action Defendants and non-parties to ascertain the current identity, address and noteholder status of each Noteholder as of the date each

Issuer made its post-petition Distributions being challenged in the Amended Complaint, as required to effect service of the Amended Complaint upon all putative members of the Noteholders' Class and amend the Amended Complaint as appropriate[,]" shall remain in full force and effect until the Phase II Motions are decided.

33.  Notwithstanding the foregoing, parties may, pursuant to Rule 45 of the Fed. R. Civ. P., as made applicable herein by Bankruptcy Rule 9016, serve subpoenas upon third-parties, solely for the purpose of commanding such parties to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this Action.

34.  All Discovery Disputes shall be governed by this Court's Individual Rules of Practice.

35.  The exchange of initial disclosures pursuant to Rule 26(a)(1) of the Fed. R. Civ. P., as made applicable herein by Bankruptcy Rule 7026, is stayed pending future Scheduling Orders and Phase II.

    **d.**    **DETERMINATION OF DOCKET NO. 714**

36.  The motion made by Noteholder Defendant JA Hokkaido Shinren ("JAH") [Dkt. No. 714] is determined as follows. JAH may submit its motion to dismiss solely on the grounds of personal jurisdiction in addition to its participation in Phase I (the "Motion to Dismiss").

37.  Counsel for JAH and Plaintiff's counsel shall meet and confer in an attempt to reach an agreement on a joint proposed schedule for the conduct of additional discovery (if any), briefing, and hearing on the Motion to Dismiss. No such schedule shall be binding on JAH or Plaintiff until it is "So Ordered" by the Court. In the event JAH and Plaintiff are unable to reach agreement on a joint proposed schedule, JAH may file the Motion to Dismiss and set it for hearing

pursuant to the Local Rules, which hearing shall be considered an initial scheduling conference during which the Court will set a full schedule for resolution of the Motion to Dismiss.

38. No other Defendant is permitted to submit a motion to dismiss on personal jurisdiction grounds without permission of the Court pursuant to paragraph 9 above.

### e. **SERVICE**

39. Except for the summons and complaint in which a Defendant initially is named, Plaintiff shall not be required to serve – other than by electronic means via ECF system or, with respect to Defendants that appear *pro se*, via email – any docket entry upon any Defendant who does not file a notice of appearance; provided that Plaintiff shall be required to serve by either postal mail or commercial delivery service any Defendant who is both appearing *pro se* and who does not have access to email.

### f. **INTERLOCUTORY APPEAL AND OTHER MATTERS**

40. Nothing in this Order will be construed to waive or limit any otherwise applicable right of Plaintiff or any Defendant or Defendants to (i) seek immediate interlocutory appeal of any adverse Order or proposed finding of fact or law; (ii) object to any such interlocutory appeal; or (iii) seek modification of this Order for good cause shown.

41. To the extent that any Defendant or Defendants make a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and LBSF prevails with respect to any such motion, the participation of any Defendant or Defendants in the remaining proceedings in this Action, including those proceedings contemplated in this Order, will not be deemed, and shall not constitute, a waiver of any arguments raised by any Defendant or Defendants in such a motion.

**IT IS SO-ORDERED:**
July 14, 2014
New York, New York


*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE