# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW

FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG

BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL H. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ

CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
CAROLINE F. HAYDAY
JOHN V. HARRISON
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

Writer's Direct Dial  +1 (212) 225-2550
E-Mail  lliman@cgsh.com

August 8, 2014

## BY HAND AND ECF

Hon. Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:  Lehman Brothers Special Financing Inc. v. Bank of America National
Association et al., Adv. Proc. No. 10-03547 (SCC)

Dear Judge Chapman:

We respectfully submit this letter in reply to the Letter Response filed by Lehman Brothers Special Financing Inc. ("LBSF") on August 7, 2014 [Dkt. No. 807] and in further support of ANZ Nominees' Letter Request [Dkt. No. 801] seeking leave to file a motion to dismiss based on personal jurisdiction and conduit principles.

*First*, LBSF's assertion that ANZ Nominees' motion cannot be heard alongside JA Hokkaido Shinren ("JA Hokkaido") is plainly disingenuous.  LBSF itself has proposed a lengthy schedule for discovery on and the resolution of JA Hokkaido's motion and, although the Court has not ruled with respect to that proposal, ANZ Nominees has indicated it is ready and willing to meet that same schedule.  See Letter from LBSF to the Court dated August 5, 2014 [Dkt. No. 806].  Briefing on, and the resolution of ANZ Nominees' motion can plainly be handled on the same timetable.  In addition, while the specific facts upon which ANZ Nominees' motion will be based differ from those upon which JA Hokkaido's motion is based, the general legal principles do not.  Thus, it is both efficient from the standpoint of judicial resources and fair that ANZ Nominees be heard at the same time as JA Hokkaido.  LBSF has made that precise argument previously and it should not be allowed to argue otherwise now.  Indeed, the Court already indicated that it wanted personal jurisdiction motions to proceed now and not wait until Phase II.  Transcript of Record at 120-21, Lehman Brothers Special Financing Inc. v. Bank of America National Association et al., Adv. Proc. No. 10-03547 (SCC) (May 14, 2014) ("I want personal jurisdiction claims to be able to

proceed.  They're in a separate category, and I want there to be an ability to raise other unique and uniquely dispositive type issues in the nature of a letter request.").

*Second,* LBSF fails to recognize that the contacts that count in the jurisdictional test are those of ANZ Nominees, and not those of LBSF or third parties.  See Hanson v. Denckla, 357 U.S. 235, 253-54 (1958) (Florida lacked jurisdiction over Delaware trustee because trustee's contact with Florida came not as a result of doing or soliciting business in Florida, but rather as a result of one of its clients moving there); Aquiline Cap. Partners v. FinArch, 861 F. Supp. 2d at 386 (holding that personal jurisdiction requires "defendant's direct and personal involvement...*on his own initiative*") (emphasis added) (internal citations omitted).  Here, ANZ Nominees was not a party to *any* deal negotiated in New York and it did not initiate or solicit business in the United States whatsoever.  In fact, the custody agreement ANZ Nominees signed was negotiated and executed in Australia, was governed by the laws of Victoria, Australia and required performance in Australia only.  Moreover, LBSF fails to disclose controlling precedent on *in rem* jurisdiction, which plainly requires that there be minimum contacts for *in rem* jurisdiction to exist.  See Shaffer v. Heitner, 433 U.S. 186, 212 (1977) ("all assertions of state-court jurisdiction must be evaluated according to the criteria set forth in International Shoe and its progeny," including *in rem* cases); LiButti v. U.S., 178 F.3d 114, 123 (2d Cir. 1999) ("the Supreme Court explained that to have *in rem* jurisdiction it is necessary, *at the very least*, to satisfy the minimum contacts standard set out in *International Shoe.*" (emphasis added)).

*Third,* the mere conduit defense is unique to ANZ Nominees.  The issues and the facts related to that defense are distinctive to ANZ Nominees' involvement and its general business.  To the extent LBSF expects that the trustee defendants will assert that defense as well, ANZ Nominees is in a completely different position from the trustees, as it was simply acting as a custodian for the benefit of third party beneficial noteholders.  Moreover, the personal jurisdiction and conduit defenses are closely linked since any facts showing the absence of personal jurisdiction will also demonstrate that ANZ Nominees acted as a "mere conduit."  It is thus more efficient and expeditious to hear both defenses at the same time.

As ANZ Nominees indicated in its Letter Request, it intends to participate fully and in good faith in the ADR proceedings in parallel with its motion to dismiss.  In fact, in an attempt to advance the ADR process, ANZ Nominees has already served its ADR Response, earlier than the due date of August 25, 2014 and is looking forward to receiving LBSF's reply shortly.

For the reasons set forth above, the Court should grant ANZ Nominees' request to move to dismiss ANZ Nominees as a defendant for lack of personal jurisdiction and on the basis of the mere conduit defense.

Respectfully,

Lewis J. Liman

cc:     William F. Dahill