UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x
                                                          :
In re:                                                    :    Chapter 11
                                                          :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :
                                                          :
                    Debtors.                              :
————————————————————————— x
LEHMAN BROTHERS SPECIAL FINANCING INC.,                   :
                                                          :
                    Plaintiff,                            :
                                                          :
-against-                                                 :    Adversary Proceeding
                                                          :    No. 10-03547 (SCC)
BANK OF AMERICA NATIONAL ASSOCIATION,                     :
*et al.*,                                                 :
                                                          :
                    Defendants.                           :
————————————————————————— x

**SCHEDULING ORDER REGARDING DISCOVERY AND BRIEFING IN
CONNECTION WITH JA HOKKAIDO SHINREN'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

WHEREAS, the Court granted JA Hokkaido Shinren's ("JA Hokkaido") motion to lift the litigation stay solely for the purpose of filing a motion to dismiss for lack of personal jurisdiction at a properly noticed hearing before the Court on May 14, 2014;

WHEREAS, the Court subsequently entered a scheduling order dated July 14, 2014 requiring JA Hokkaido and Lehman Brothers Special Finance, Inc. ("LBSF") to "meet and confer in an attempt to reach an agreement on a joint proposed schedule for the conduct of additional discovery (if any), briefing, and hearing on the Motion to Dismiss" [Dkt. No. 794];

WHEREAS, on July 21, 2014, JA Hokkaido filed its motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") [Dkt. No. 795];

WHEREAS, JA Hokkaido noticed a status hearing on the Motion to for August 12, 2014

[Dkt. No. 796];

WHEREAS, the Parties have met and conferred and agreed to the schedule contained herein;

WHEREAS, the Court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 157, this is a core proceeding pursuant to 28 U.S.C. § 157(b);

It is hereby ORDERED, ADJUDGED and DECREED as follows:

1. LBSF shall serve formal discovery demands concerning the Motion on JA Hokkaido on or before August 12, 2014.

2. All written discovery concerning the Motion, and any motions to compel or other filings related to written discovery, must be completed or filed, as the case may be, on or before September 19, 2014.

3. On or before October 31, 2014, LBSF shall be permitted to take a Rule 30(b)(6) corporate representative deposition of JA Hokkaido limited solely to the personal jurisdiction issues set forth in the Motion and in accordance with all applicable law, rules, and regulations governing the taking of depositions of Japanese citizens for use in U.S. litigation (the "Deposition"), provided, however, that such deadline may be extended upon further application to the Court demonstrating that, despite LBSF's timely and reasonable best efforts, it was not possible to schedule the Deposition to occur before October 31, 2014.

4. Within thirty (30) days of the Deposition, LBSF shall file its Response to JA Hokkaido's Motion to Dismiss.

5. Within fourteen (14) days of receipt of LBSF's Response, JA Hokkaido shall file its Reply.

-3-

The Court shall hold a substantive hearing to consider the merits of the Motion to Dismiss on December 16, 2014 at 10:00 a.m. prevailing Eastern Time, or as soon thereafter as the parties may be heard.

6. This Order only applies to JA Hokkaido and no other defendant in this case.

Dated: August 12, 2014
New York, New York

                                       */s/ Shelley C. Chapman*
                                       HONORABLE SHELLEY C. CHAPMAN
                                       UNITED STATES BANKRUPTCY JUDGE